SEVERSON, Justice.
[¶ 1.] Cole Kelley appeals the revocation of his suspended sentence by the *448 Board of Pardons and Paroles (Board). We affirm.
• Background
[¶2.] On April 16, 2007, Kelley was sentenced to seven years in the state penitentiary for possession of a controlled drug or substance with intent to distribute, and five years for committing or attempting to commit a felony with a firearm, to be served consecutive to the possession sentence. He also received a twenty year sentence with ten years suspended for' grand theft, to run consecutive to the possession and firearm sentences. Lastly, he received a two year sentence for assault against an officer, to run consecutive to the possession and firearm sentences. The sentencing court suspended ten years on the condition that Kelley “be under the supervision of the Board ... for ten (10) years upon release from custody” and pay restitution.
[¶ 3.] On September 19, 2012, Kelley signed a suspended sentence supervision agreement. The agreement required Kelley to “conform to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record, and satisfactorily participate in programs as assigned.” It also contained the following provision: “I understand’ and agree that in the event I violate these conditions prior to my suspended sentence commencing, the Board has the authority to revoke the suspended portion and impose the entire sentence.” After Kelley . signed this agreement, he received twelve major rule infractions. Following a hearing on November 4, 2013, the Board revoked Kelley’s suspended sentence for failing to maintain a good disciplinary record. It imposed the original twenty-two year sentence. Kelley appealed the revocation and the circuit court affirmed. Kelley appeals; his sole issue on appeal is whether the Board exceeded its authority by imposing the conditions of the agreement and revoking his suspended sentence upon violations of the Board’s conditions.
Standard of Review
[¶ 4.] SDCL 1-26-37 governs appeals from the Board.[1] Questions of fact are reviewed under the clearly erroneous standard. Austad v. S.D. Bd. of Pardons & Paroles, 2006 S.D. 65, ¶ 8, 719 N.W.2d 760, 764. We review questions of law de novo. Id.
Analysis
[¶ 5.] Under SDCL 23A-27-18.4,[2] the sentencing court clearly has, at the time of sentencing, the jurisdiction to limit and define conditions for which the Board is authorized to revoke the suspended *449 terms of the sentence. However, absent limitations imposed by the sentencing court, “[w]e have recognized that the Board of Pardons and Paroles may impose conditions on a defendant’s suspended sentence in addition to those imposed by the sentencing court so long as the additional conditions are reasonable and not inconsistent with those mandated by the court.” Mann v. S.D. Bd. of Pardons & Paroles, 2015 S.D. 13, ¶ 12, 861 N.W.2d 511 (quoting Austad, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768) (internal quotation marks omitted). As in Mann, Kelley does not argue that the conditions are unreasonable, and we need only consider whether the conditions were “not inconsistent” with the sentencing court’s conditions. See id.
[¶ 6.] Kelley argues that the conditions placed on him by the Board are inconsistent with the sentencing court’s condition that he “be under the supervision of the Board ... for ten (10) years upon release from custody.” Once his suspended sentence has been revoked, the full sentence will be served; upon release, he will not be under supervision. However, Kelley does not explain why he could not comply with both the Board’s conditions— conforming to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record, and satisfactorily participate in programs as assigned — and the court’s condition. Kelley could have complied with both, as the Board’s conditions do not preclude his ability to be released under supervision. Therefore, the Board’s conditions are not inconsistent with those placed on Kelley by the sentencing judge.
[¶ 7.] It is the revocation of the suspended portion of his sentence, the punishment for violation of the conditions— rather than the conditions themselves— that negates the court’s condition of supervision upon release. Kelley asserts that the Board does not have authority to revoke an inmate’s- suspended sentence for violations of institutional rules. He notes that revocation of a suspended sentence is not listed among the seven punishments authorized under SDCL 24-15A-4, which grants the Department of Corrections authority 'to punish “[a]ny inmate violating the rules or institutional policies[.]”[3] However, we have recently rejected such an argument, explaining that “the Board’s authority to revoke the suspended sentence does not derive from SDCL 24-15A-4; rather it derives from SDCL 23A-27-18.4.” Mann, 2015 S.D. 13, ¶ 17, 861 N.W.2d at 517. Further, as in Mann, Kelley “acknowledged when he signed the agreement that a violation of the suspended sentence supervision agreement may result in the revocation of the suspended portion of his sentence.” See id. As the circuit court noted, “It would be illogical to conclude that a sentencing court’s act of ordering a period of supervision in conjunction with a partially suspended sentence operates as a prohibition on the revocation of suspended time itself.” Therefore, the Board acted within its authority. We affirm.
[¶ 8.] GILBERTSON, Chief Justice, and WILBUR, Justice, concur.
[¶ 9.] ZINTER and KERN, Justices, concur specially.

. SDCL 1-26-37 provides:
An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit ■ court. Such appeal may not be considered de novo.

. SDCL 23A-27-18.4, in relevant part, provides:
Upon conviction, the sentencing court may suspend any portion of a penitentiary sentence subject to conditions or restrictions as the court may impose. The suspension order or judgment can be made only in the court in which the conviction occurred. A defendant with a partially suspended penitentiary sentence is under the supervision of the Department of Corrections and the Board of Pardons and Paroles. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of parole or the terms of the suspension.

. SDCL 24-15A-4 provides:
Any inmate violating the rules or institutional policies is subject to any of the following disciplinary sanctions:
(1) Disciplinary segregation;
(2) Imposition of fines;
(3) Loss of privileges;
(4) Additional labor without compensation;
(5) Referral to various programs;
(6) Transfer to a more secure housing unit;
(7) Change in classification status.
No corporal punishment may be inflicted upon inmates in the penitentiary.